■ STEVEN NIEVES, Appellant, v ADMIRAL COOLING & HEATING, LLC, et al., Respondents. [792 NYS2d 584]—

In an action, inter alia, to recover damages for a violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated April 1, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was employed by the defendant Admiral Cooling & Heating, LLC (hereinafter Admiral), as a helper. In or about February 2000 one of his coworkers alleged that Admiral's owner, the defendant Josif Weisz, had sexually harassed her. Weisz subsequently hired an attorney, inter alia, to investigate the allegation. The investigation included interviews of some of Admiral's employees. After the attorney interviewed the plaintiff, she prepared a draft affidavit for his signature, based on the information he provided. She then mailed the draft affidavit to the plaintiff with instructions for him to sign it and return it to her. She further requested that the plaintiff let her know if the affidavit was incorrect in any way, in which case she stated that she would make all requested corrections, and send him a new version. The plaintiff did not sign the draft affidavit, and never communicated what, if anything, was incorrect or inaccurate in the draft. Weisz terminated the plaintiff's employment for failure to cooperate in the investigation. However, he gave the plaintiff an opportunity for reinstatement, once the plaintiff signed a notarized statement setting forth all relevant information he knew or believed to be true in connection with the sexual harassment allegation. The plaintiff then commenced this action against Admiral and Weisz, alleging retaliation claims in violation of Executive Law § 296 and Administrative Code of the City of NY § 8-107.

To assert a claim for retaliatory discharge, an employee fired for refusing to participate in the employer's investigation of discrimination must show that the employer pressured him or her to give false statements or to provide evidence that he or she did not possess (cf. *Thomas v Norbar, Inc.*, 822 F2d 1089 [1987], *cert denied* 484 US 1013 [1988]; *Merkel v Scovill, Inc.*, 787 F2d 174 [1986]). In this case, the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they did not violate the foregoing standard (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition thereto, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

In light of the foregoing determination, we need not address the plaintiff's remaining contention. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.